CONNOLLY et al. v. AUTENRIETH et al.

A memorandum in writing, containing the terms of a transaction, drawn up in the presence of all the parties interested, and signed by two of them who incurred the heaviest obligation under it, and delivered to a mutual friend of the parties for the purpose of being recorded, will be binding without any formal acceptance by parties who, though they did not. sign it, afterwards sued to enforce it.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. Preston, for the plaintiffs. *Schmidt* and *Roselius*, for the appellants. The judgment of the court (*Slidell*, J. not sitting,) was pronounced by

KING, J. The plaintiffs aver that they, and the defendant *Sarah Connolly*, are the only heirs of the late *Felix Connolly*, deceased, who died possessed of property to a large amount, most of which, they allege, was acquired by the deceased in the name of *Sarah Connolly*, who had no interest in it at the dates of the several purchases, but who now asserts ownership of the whole property thus acquired. They aver that *Sarah Connolly* promised to convey to her mother, one of the plaintiffs, two lots of ground belonging to the succession of the deceased, with the buildings and improvements standing upon them, and to discharge a mortgage debt with which they were encumbered, amounting to $2,000; that she also admitted that two other lots were devised by *Felix Connolly* to the minor children of his sister, *Mrs. Elliott*, and promised to make title in accordance with that disposition of the deceased. They pray that the mother may be decreed to be the owner of the two lots, with the buildings standing upon them, free from encumbrance; that the children of *Mrs. Elliott* be decreed to be the owners of the other two lots; and that a partition be made between the plaintiffs and the defendant, of the remaining property of the deceased.

On the trial, the following agreement was produced:

"In a family meeting of the family of *Felix Connolly*, deceased, his sister, *Sarah*, who had been entrusted with the settlement of her deceased brother's affairs, in order to satisfy the other members of the family, viz: her sister, *Mrs. Mary Mitchell*, *Mrs. Ellen Elliott*, her brother and her mother, agrees and promises to raise a mortgage of $2,000, now resting on the property known as the homestead, and the house in which her brother *Felix* died, and to make a title to the same to her mother forever. Her sister, *Mrs. Mary Mitchell*, agrees and obligates herself to raise a mortgage of $500, on the two-adjoining lots bequeathed to the children of *Mrs. Elliott*. In witness whereof the two, namely, *Sarah Connolly* and *Mary Mitchell*, have signed this agreement.

"(Signed)        SARAH CONNOLLY,
                         MARY MITCHELL."

"Witness, J. J. MULLON, November 11, 1846."

The district judge considered, that the agreement was a compromise, made for the purpose of adjusting all the conflicting claims of the parties relating to the succession of *Felix Connolly*, and rendered a judgment intended to give effect to its stipulations, from which the defendant has appealed.

The district judge did not, in our opinion, err. The adverse claims of the parties were the subject of frequent discussions amongst them. A friend of the family interfered with the view of reconciling their differences, and the result of

a conference which ensued was the above agreement, which must be viewed as a compromise, in which the plaintiffs relinquished their claims as heirs in consideration of the concessions made by the defendant in favor of her mother, and of the minor children of *Mrs. Elliott.* In pursuance of this agreement the defendant executed an act of donation to her mother, of the house and lot, previous to the inception of this suit.

It is objected that the agreement was neither signed nor accepted by the parties, and has not been considered obligatory by themselves. But it is shown that the parties were all present when the compromise was made, and assented to its terms. It was signed by *Sarah Connolly* and *Mrs. Mitchell,* who incurred the heaviest obligations, and was delivered to a mutual friend for the purpose of being recorded. A formal acceptance of the act was not indispensable to give it effect. The parties in whose favor the stipulations were made, so far from considering that they are not obligatory, invoke the aid of the agreement in this suit, and found their claims in part upon it. It is true, however, that while they seek to enforce the stipulations in their favor, they have disregarded their own obligation to leave the defendant in the undisturbed possession of the remainder of the property alleged to belong to the deceased.

As we consider that the rights of the parties depend entirely upon the compromise, it is unnecessary to examine the bills of exception taken to other parts of the evidence received or rejected on the trial; or the objections urged to the right of the plaintiffs to claim as heirs of the deceased. The district judge gave a judgment in favor of the children of *Mrs. Elliott* for $1,500, as, we presume, in lieu of the lots · claimed, which, as we have seen, 'the defendant admits were bequeathed to them. The children were entitled either to the lots, or, if for any cause they could no longer be conveyed, to their value. The reason for this deviation from the terms of the act has not been stated. The plaintiffs, however, have not asked for a change of the decree in this respect, and the defendant does not complain that the judgment is more onerous in this form than if the lots themselves had been awarded.