(33 South. 57.)

No. 14,203.

HUTCHINSON v. RICE.

(Nov. 17, 1902.)

RECEIVERS—APPOINTMENT—WAIVER OF OBJECTIONS—SALE OF IMMOVABLES.

1. The law of this state authorizes certain proceedings whereby a creditor may obtain and execute a judgment against his debtor. It also provides how, and under what circumstances, such proceedings, whether before or after judgment, as against an individual debtor, may be stayed or defeated; but the ex parte appointment of a receiver, with authority to take charge of, administer, and distribute the estate of such debtor, is not one of the means so provided, and such appointment is wholly inoperative as to any creditor not consenting thereto.

2. The fact that a plaintiff proceeding via executiva, and denying the validity of his appointment, so far recognizes a person claiming to act as receiver of his debtor as to ask that he be notified of the proceeding, does not bind such plaintiff for the purposes of another suit, previously begun, and practically ended, in which such receiver was ignored.

3. A sale of immovables, in order to affect third persons, must be in writing, and duly registered; and this requirement is not fulfilled by the mere declaration, though in writing, and registered, of one party alone, that he has either bought from or sold to another, who makes no appearance, property of that description; since, conceding that the concurrence of the other party might be evidenced by a separate instrument, it must also, to affect third persons, be registered.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Walter B. Sommerville, Judge.

Action by Alexander C. Hutchinson against Henry Rice. From a judgment dismissing a rule taken by George Fuchs, receiver of Henry Rice & Son, he appeals. Affirmed.

Dinkelspiel & Hårt, for appellant. Denègre, Blair & Denègre, for appellee A. C. Hutchinson.

### Statement of the Case.

MONROE, J. George Fuchs, receiver, appeals from a judgment dismissing a rule taken by him for the release of certain property in the parish of Calcasieu, seized under execution issued on a judgment obtained by the plaintiff against the defendant. The facts leading to the judgment appealed from are as follows:

· In June, 1897, the defendant gave his notes for a large amount to the plaintiff, and, to secure their payment, gave a mortgage on property owned by him in New Orleans, by an act which contained the usual stipulations with respect to the payment of taxes.

In July, 1899, the Charter Oak Stove & Range Company, of St. Louis, filed a petition in the civil district court, claiming to be a creditor of the commercial firm of Henry Rice & Son (composed of the defendant and Philip R. Rice), and praying that a re-

ceiver be appointed "to take charge of the assets of said firm and administer the same." This proceeding was allotted to division D, and upon the same day that it was filed the defendants answered, consenting that the prayer be granted, and the court made the following order, to wit:

"In this matter, the court considering the written consent of the defendants, it is ordered, adjudged, and decreed that there be judgment herein appointing George Fuchs as receiver of the assets and property of Henry Rice & Son and Henry Rice and Philip Rice, the individual members of said firm; that, as such, he be given full power and authority to take charge of said property and carry on the business of said firm, and do all other things needful in the premises."

In January, 1900, the plaintiff filed a suit, which was allotted to division B of the civil district court, alleging that the defendant Henry Rice had failed to pay the taxes for several years on the property mortgaged by him, and that he (the plaintiff) had paid them, and praying judgment in reimbursement of the amount so paid. To this the defendant excepted that the case had not been properly allotted, that the action was premature, and that division B was without jurisdiction, "for the reason that all the affairs of the defendant, including the property described in the petition," were in the hands of the receiver appointed by division D; and with the last exception filed an answer denying generally the allegations of the petition. The exceptions thus filed were overruled, and on the merits there was judgment, signed June 15, 1900, in favor of the plaintiff, for $6,854.97, from which no appeal was taken. In May, 1901, by virtue of an execution issued under this judgment, the sheriff of the parish of Calcasieu seized, as the property of the defendant, certain land in that parish, whereupon the following motion was filed, to wit:

"On motion of George Fuchs, receiver of Henry Rice & Son and of Henry Rice, so appointed in the matter of the Charter Oak Stove & Range Co., * * * and on suggesting to the court that he is and was in possession of certain property belonging to said Henry Rice situated in the parish of Calcasieu, in this state, and described as fol-

lows: * * *, which property the said Henry Rice acquired from Rice, Born & Co. on June 14, 1897; that said property was duly inventoried in said matter; * * * and on further suggesting that the plaintiff has caused said property to be seized; * * * and on further suggesting * * * that the seizure * * * is illegal, * * * because interfering with petitioner's [mover's] rights in the premises, * * * and that said property can only be sold in due course of the administration of mover, as receiver, and not as against Henry Rice in a court of ordinary jurisdiction: It is ordered that the said A. C. Hutchinson show cause why said seizure should not be released and canceled."

To this the plaintiff (as defendant in rule) excepted that, his judgment having been regularly obtained in a court of competent jurisdiction, its execution could be arrested only by injunction and bond, and not by rule to show cause or to quash; and he answered that the status and authority of the plaintiff in rule were predicated upon an application for and consent to the appointment of a receiver of the business and affairs of Henry Rice & Son, and that, so far as Henry Rice individually was concerned, the only effect of the order making the appointment was to give judicial approval to the selection made by the parties of the person named as receiver, without, however, conferring upon such person any greater powers than such consent could confer, and that otherwise the order was void for want of jurisdiction; and, further, that the question of his right to proceed against the person and property of his debtor Henry Rice had been considered and passed on in the proceeding in which his judgment had been obtained, and that said proceeding and judgment should, therefore, operate as a bar to the demand contained in the rule.

A few weeks later the receiver filed a supplemental motion, alleging that in the original motion he had, through error, alleged that the title to the property seized stood in the name of Henry Rice, but that in fact it had been acquired by Henry Rice & Son by purchase from Jas. D. Stanfield by act of date August 23, 1899, recorded August 31, 1899, and, being the property of the firm, could not be seized under a judgment against

one of its members. And to this the defendant, reiterating the exceptions and pleas formerly urged, filed a general denial.

Upon the trial of the issues thus presented it was shown that in June, 1897, Henry Rice individually had purchased the property in question from the liquidating commissioners of Rice, Born & Co., Limited, and that about that time, or shortly afterwards, he had entered into what for most, if not for all, purposes, may be called a contract of partnership with his son, Philip R. Rice, which, among other things, contained the following stipulations:

"The said Henry Rice is, and shall remain, the sole owner of the stock in trade, accounts, credits, bills receivable, good will, and all other assets of said business, said Philip R. Rice being interested solely in the profits of said business to the extent of five per cent. thereof, but shall be entitled to draw, in any event, the sum of $250 per month, and the amount so drawn to be credited on account of his interest in the profits as above set forth, which profits shall be ascertained at the end of each year."

It was also shown that upon August 11, 1899, the sheriff of the parish of Calcasieu executed an instrument purporting to convey the property in question to J. D. Stanfield, and containing the following among other recitals:

"Whereas, I, Augustus A. Lyons, sheriff, * * * did, on the 11th day of October, 1898, execute and deliver unto J. D. Stanfield, of said parish, an act of tax sale, * * * thereby transferring the following described property, to wit, * * * as the property of H. Rice, Born & Co.; and whereas, the said above description is not in accordance with the original assessment, nor with the tax rolls, nor in accordance with or corresponding with the advertisement, but is defective and erroneous in several particulars: Now, therefore, I do now declare that the following description is in accordance with the original assessment, also pursuant to the tax roll and the advertisement of the said tax sale, and is the description intended to have been used, and should have been used, and is now used, as the correct description of the land sold at said tax sale, using and adopting all the statements and allegations in the said sale made, except the

109 LA.—2

erroneous description, which is hereby corrected and confirmed, to wit;" and then follow a description of the property and the signatures of the sheriff and witnesses.

This instrument is not signed by Stanfield. It omits, among other things, all reference to the price received; and the act of October 11, 1898, to which it refers, was not offered in evidence.

It was further shown that upon August 23, 1899, Stanfield executed an instrument purporting to convey, for $23.43, to Henry Rice & Son, a tax title, which he declines to warrant, to the property as (secondly) described in the instrument above mentioned; and in this case, as in the other, the vendee makes no appearance. Following the execution of this instrument, however, George Fuchs, as receiver, presented a petition to the court, alleging that Stanfield had "returned" the property in question to the defendants upon being paid the price thereof, and asking permission to have the deed registered; and it was so ordered and done. It is further shown or conceded that Stanfield was acting as the agent of the owner of the property, and hence that, if he acquired any title, he acquired it for the owner, and, though it appears that the instrument executed by him purports to convey the property to Henry Rice & Son, and that the price ($23.43) was paid by the receiver, it does not appear that the conveyance was made under instructions or authority from the owner, and there is no reason to doubt that Stanfield supposed that he was reconveying the property to the owner. Incidentally it may be remarked that, whilst the rule taken by the receiver was pending in division B of the civil district court, he took a similar rule in division D, from which he had received his appointment, and that the latter was dismissed on the ground that the jurisdiction belonged to division B.

Considering the pleadings and the facts as thus stated, the judge of division B (or the judge of division D sitting in his place) held that, upon the question of the right of the plaintiff to proceed against Henry Rice individually and his property; without regard to the receivership, the receiver was concluded by the judgment which the plaintiff had obtained that the property seized in execution was shown to have belonged to

Henry Rice, and hence that the rule to release the seizure should be dismissed.

## Opinion.

The appellant, whether, in his capacity of receiver, he be regarded merely as an officer of the court, or as the common agent of the firm of Henry Rice & Son and the creditors of that firm, or as the common agent of the firm and of its members individually, and of the creditors of the firm and its members, was not concluded by the judgment obtained by the plaintiff against Henry Rice, for the reason that in the proceeding in which that judgment was rendered no citation to him was prayed for or issued, and he made no appearance in any capacity. In so far, however, as the order appointing him receiver is claimed to have vested in him the possession and control of the individual estate of Henry Rice, that order was wholly uncalled for by either the allegations or the prayer of the petition upon which it was made, and, whether so called for or not, would have been and is wholly inoperative as to any creditor of Henry Rice who did not consent that it should be made. The law of this state authorizes certain proceedings whereby a creditor may obtain and execute an ordinary judgment against his debtor. It also provides how, and under what circumstances, such proceedings, whether before or after judgment, as against an individual debtor, may be stayed or defeated; but the ex parte appointment of a receiver with authority to take charge of, administer, and distribute the estate of such debtor is not one of the means so provided. In the case of State v. Ellis (recently decided) 108 La. 521, 32 South. 335, the district court had made an ex parte appointment of a receiver for a succession, and, an application having been made to this court to prohibit further action in the premises, it was held that the district court was without jurisdiction to make the appointment. The syllabus of the case reads as follows:

"The lawmaker having vested the district courts with jurisdiction to appoint receivers in certain specified cases, and having provided other remedies and other modes of procedure in other cases, the exercise of the jurisdiction so vested must be confined to the cases specified, and prohibition will lie to restrain further action in the matter of the ex parte appointment of a receiver in a case not included in such specification."

It is said that the plaintiff recognized the receiver, and is estopped to deny his capacity. This claim is based on the fact that on July 22, 1901,—three days before the rendition of the judgment now before this court for review,—the plaintiff proceeded, via executiva, to seize and sell the property mortgaged in satisfaction of the notes held by him, and that he made the receiver a party to the proceeding.

The petition for executory process contains the allegation "that George Fuchs, a resident of this city, claims to hold the office of receiver of the said Henry Rice; * * * that, whilst not admitting, but denying, that said Fuchs has any right in the premises, petitioner desires that he may be made a party defendant herein, and notified hereof, in order that he may be bound by the seizure and the sale herein prayed for."

Whether the action so taken was necessary or advisable for the purposes of the case in which it was taken was a matter for the plaintiff to determine; but, however that may be, it did not bind him for the purposes of a suit previously begun and practically ended, in which the receiver had been studiously ignored.

The remaining question is whether the firm of Henry Rice & Son had any such title to the property in question as to have prevented its seizure by the plaintiff as the property of Henry Rice. And this question must be answered in the negative. The evidence in the record shows that the property was purchased by Henry Rice June 14, 1897, for $1,095.50, and it does not show that his title has ever been conveyed to the firm of Henry Rice & Son, even if we should assume that a commercial firm can acquire and own real estate. The instrument purporting to be a sale from the sheriff (and ex officio tax collector) to Stanfield is an ex parte declaration, which lacks at least two essentials to a sale,—a price and a vendee; and the instrument purporting to be a sale from Stanfield to Henry Rice & Son lacks one of those essentials, to wit, a vendee. For, however informal may be the acceptance of a sale of movable property, a sale of immovables, in this state, in order to affect

third persons, must be in writing, and duly registered; and this requirement is not fulfilled by the mere declaration, though in writing and registered, of one party alone, that he has either bought from or sold to another, who makes no appearance by himself or another, property of that description, since, conceding that the concurrence of the other party might be shown by another instrument, it must also, to affect third persons, be registered. This seems enough for the purposes of the case; but, going further, it is an undisputed fact that, if Stanfield acquired the property at all, he acquired it as the agent and for the benefit of the owner, Henry Rice, and it is clear from the evidence that he had no intention of disposing of it otherwise than by returning it to his principal; nor did the receiver have any authority to acquire the property, except as so "returned."

For these reasons, the judgment appealed from is affirmed.

BLANCHARD, J., concurs in the decree.

## Additional Opinion.

### (November 22, 1902.)

MONROE, J. In the opinion heretofore handed down it is said that the receiver was not concluded by the judgment obtained by the plaintiff against the defendant, "for the reason that, in the proceeding in which that judgment was rendered, no citation to him was prayed for or issued, and he made no appearance in any capacity."

The reason thus assigned, in so far as it relates to the supposed nonappearance of the receiver, is predicated upon an error of fact, into which the court was led by the arrangement of the transcript. It is true that no citation was issued to him, and that none was asked; but the receiver voluntarily appeared in the case, and joined the defendant in an exception to the effect that the affairs of the defendant were in his (the receiver's) hands, and hence that division B was without jurisdiction. Under these circumstances our learned Brother of the district court had a more substantial foundation upon which to rest his judgment sustaining the plea of res judicata than would appear from the original opinion of this court, and justice to him requires that this correction should be made.