PROVOSTY, J.
Plaintiff’s home was seized as if still belonging to his vendor, although he held it by a cash deed duly recorded. The deed, however, was signed by the vendor alone; and upon that circumstance the seizing creditor relied in making his seizure. Plaintiff has enjoined the seizure; and the question presented is: Whether the recordation of a cash deed to real estate signed by the vendor alone will effect a registry of the sale as against third persons. Finding that this question had been decided in the negative by this court in the recent ease of Hutchinson v. Rice, 109 La. 29, 33 South. 57, while the former jurisprudence (Allen v. Whetstone, 35 La. Ann. 846, and cases there cited) seemed to be the other way, the Court of Appeal for the parish of Orleans, where the suit is pending, has certified the question to this court.
There is certainly a conflict, and inasmuch as the former jurisprudence constituted a rule of property, we have concluded to overrule the Rice Case, without stopping to debate whether its doctrine is not the logical deduction from the provisions of the Code on the subject of registry. “Omnis innovatio plus novitate perturbat quam ultilitate prodest.” Levy v. Hitsche, 40 La. Ann. 508, 4 South. 472; Douglas Co. v. Pike, 101 U. S. 677, 25 L. Ed. 968.
We therefore answer the question in the affirmative.
MONROE, J., dissents.