197 So. 752

**CERAMI v. HAAS.**

No. 35520.

April 29, 1940.

Rehearing Denied July 18, 1940.

Oliver & Digby, of Monroe, for plaintiff-appellant.

Leon S. Haas, Jr., of Opelousas, and LeDoux R. Provosty, of Alexandria, for defendant-appellee.

LAND, Justice.

This is a jactitation suit brought by plaintiff for the purpose of cancelling and

erasing from the conveyance records of the Parish of Avoyelles a certain instrument, signed by plaintiff and recorded by defendant, on the grounds that the instrument was given without consideration, is unilateral and a nudum pactum.

Plaintiff further alleges that defendant, by filing and causing the document to be recorded, has slandered plaintiff's title.

The document in question reads as follows:

"November 1, 1938
"Mr. W. D. Haas, Jr.,
"Bunkie, La.

"This will confirm our verbal understanding regarding title of the West 1/2 of NE Quarter, of Sec. 6, T. 2 S. R. 3 East, Avoyelles Parish, La. It is understood and agreed that we will execute royalty deed for an additional one-quarter of the royalty interest under the above described land; upon perfection of title defects now being straightened out. The price to be as formerly agree upon, or $30.00 per acre base.

"Very truly yours,
"Sam Cerami."

Plaintiff alleges that, as a result of the recordation of this document, he has suffered damages in the sum of $15,000 plus costs; and that the recorded document obstructs him in the free and undisturbed use and possession as well as his right to bargain for the sale of the one-fourth royalty referred to therein, and that the value of the right herein asserted is in excess of $2,000.

Plaintiff further alleges that the recorded document "has been and is now withdrawn,

revoked, and voided" and that said defendant has done nothing to carry out or enforce the terms of said agreement.

Defendant filed an exception of no cause or right of action, which was maintained by the trial judge, and plaintiff's suit was dismissed at his costs. From this judgment plaintiff has appealed.

Defendant contends that plaintiff has no cause of action because he cannot slander his own title and has alleged no facts which would constitute a slander; and that plaintiff has no right of action because the instrument is a valid promise to sell under Article 2462 of the Revised Civil Code, as amended, and the recordation of same by defendant was an acceptance of same.

The date of the document evidencing the offer to sell, as alleged in the petition, is November 1, 1938; the date of its recordation, as alleged, is February 10, 1939; and the date of the filing of the present suit for the cancellation and erasure of the document, as a cloud upon plaintiff's title, is April 25, 1939.

(1) In this case there is no question of allowing defendant, Haas, delay for consideration. The intention is clearly stated in the offer to sell that payment and delivery would be made when title is perfected. There is no question of speculation, and no allegation in the petition that the price was speculative. Furthermore, there is no allegation that Cerami ever changed his intention to sell prior to acceptance by Haas.

The contract of November 1, 1938, being an offer to sell made by Cerami to Haas, Cerami's only cause of action is for specific performance "upon perfection of title *defects now being straightened out.*" (Italics ours.)

Revised Civil Code, Art. 2462, as amended, provides: "A promise to sell, *when there exists a reciprocal consent of both parties* as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same." (Italics ours.)

The contract of November 1, 1938, *shows upon its face the reciprocal consent of both parties* "as to the thing, the price and terms." The contract states that: *"This will confirm our verbal understanding* regarding title of the West 1/2 of NE Quarter, of Sec. 6, T. 2 S. R. 3 East, Avoyelles Parish, La. *It is understood and agreed that we will execute royalty deed for an additional one-quarter of the royalty interest* under the above described land; *upon perfection of title* defects now being straightened out. *The price* to be as formerly agreed upon, *or $30.00 per acre base."* (Italics ours.)

Considering the very nature of such contract, containing as it does the "reciprocal consent of both parties as to the thing, the price and terms," our conclusion is that the recordation of the contract was necessary, not only to protect the rights of Haas, defendant, as against third persons, but that such recordation was also an act on the part of defendant clearly indicating acceptance of the contract.

In Saunders v. Bolden et al., 155 La. 136, at pages 140 and 141, 98 So. 867, at page 869, the court said: "It is well settled in the jurisprudence of this state that written acceptance of a contract or an act of sale is not necessary, but may be established by acts clearly indicating acceptance."

In Balch v. Young, 23 La.Ann. 272, it was said that: "The law does not require that the acceptance of a contract must be expressed on its face, nor is it essential that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations or in doing some act which indicates his acceptance."

See, also, Ryder v. Frost, 3 La.Ann. 523; Connolly v. Autenrieth, 4 La.Ann. 162; Lepine v. Marrero, 116 La. 941, 41 So. 216.

The only decision we are able to find holding to the contrary is Hutchinson v. Rice, 109 La. 29, 33 So. 57, and that decision was expressly overruled in Lepine v. Marrero, supra.

(2) The allegation in plaintiff's petition that the defendant, Haas, "has done nothing to carry out or enforce the terms of said document" is without force or effect, in view of the fact that plaintiff's primary obligation under the offer to sell is to tender to defendant a title free from defects. But, notwithstanding the statement in the offer to sell, of date November 1, 1938, that *the defects are now being straightened out*, the petition fails to allege that plaintiff has, at any time, offered to defendant a good and merchantable title. The obligation of defendant to pay plaintiff for the additional one-quarter royalty interest arises, under the terms of the offer to sell, only when the title has been perfected and tendered by plaintiff to defendant.

In our opinion, the judgment of the lower court sustaining defendant's exception of no cause or right of action, and dismissing plaintiff's suit at his costs, is correct.

Judgment affirmed.

O'NIELL, C. J., does not take part.