The plaintiff in this suit, like any person who is not a lawyer and who tries to prepare and conduct his own lawsuit, is at a disadvantage, principally for the reason that from the allegations contained in his petition it is difficult to arrive at exactly what relief he is seeking at the hands of the court.
From the allegations made we understand that in the year 1908 he sold to the Crowell Spencer Lumber Company, Limited, the merchantable timber on a 118 acre tract of land which apparently he owned, situated in the Southeast quarter of the Northeast quarter of Sec. 18, T. 2 S. R. 1 E, in the Parish of Evangeline. We are led to believe that there was a time limit for removing the timber as several years after the sale plaintiff claimed the timber which had not then been removed. A contest arose between him and the lumber company as to the ownership of the timber, resulting in a lawsuit filed by the lumber company in December, 1933. Plaintiff then consulted the defendant in this suit, Mr. L. Austin Fontenot, who advised him that the timber belonged to him but apparently the lawsuit was compromised. Plaintiff states that when he first consulted the defendant no fee was agreed upon but on the day that they went to Alexandria to enter into the compromise agreement he was told by Mr. Fontenot that his fee would be $50. He told Mr. Fontenot that he did not have the $50 at that time whereupon Mr. Fontenot told him to have the lumber company deed 75 acres of the land which he was to receive in the compromise settlement to him (Fontenot) and that he would hold title to it until the $50 had been paid after which he would deed back to him (plaintiff) the 75 acres. That he says was agreed to.
Plaintiff then went to work trying to raise the $50. Failing in his first effort, he says that he then went upon the land, evidently the 75 acre tract, and cut $50 worth of timber from it. He then went with the money to the office of defendant in Opelousas and the latter refused to see him. He next endeavored to settle with the defendant through his three daughters who also went to Opelousas with the $50 but defendant told them that he had not gotten the land from their father but from the *Page 129 
Crowell Spencer Lumber Company, Limited, as the record showed. They never were able to get defendant to agree to anything and matters were dropped until the present suit was filed on October 23, 1941.
There is no formal prayer in the petition except in the few words contained in the last paragraph wherein he "prays that the said defendant be duly cited to appear and answer herein for judgment and for general relief." In the three closing paragraphs of the petition however he alleges as follows: "Par. 16. I pray for damages to the extent of $850.00. I could have leased the land for $5.00 per acre and $1.00 per year lease. Lost rent on place three years $300 lease $375. Lease on land for one year $1.00 — $75.00 2nd year $75.00. Damages and costs $25.00. Par. 17. I ask for all cost and damage of this suit and my 75 acres of land returned back to me without any cost to me. Par. 18. The plaintiff believes that the defendant is trying to defraud him out of his 75 acres of land and asks for a chance to prove same."
The first demand therefore seems to be one for damages in the sum of $850 and necessarily it is predicated on the second which is for the return of the 75 acre tract of land to him. The last demand is the only one which contains an allegation intimating fraud and in which he asks for a chance to prove the same.
The suit was filed in the Parish of St. Landry wherein the defendant resides and after he was cited he appeared through counsel filing first an exception of no cause and no right of action and on the same day an exception of res adjudicata. Several weeks afterwards he filed a plea of estoppel.
In his pleas of res adjudicata and of estoppel the defendant showed that in the agreement of compromise in the lawsuit by the Crowell Spencer Lumber Company, Limited, against the plaintiff, and in which he was the attorney representing the latter, it was provided that the whole agreement itself was to be incorporated in a judgment to be rendered and signed in court, all of which was done, and a certified copy of the said judgment together with copies of the two acts of sale under which its provisions were carried out, conveying to the plaintiff and to him the tracts of land which it had been agreed they would receive in compromise, was attached to each of the pleas. It is contended that this judgment forms the basis of res adjudicata between them and under the plea of estoppel it is further contended that the defendant, having set forth in the agreement that in the controversy between himself and the Crowell Spencer Lumber Company, Limited, he had employed defendant on a contingent fee basis, he is now estopped from coming into court and claiming some different form of employment in order to try to set aside the agreement as well as the judgment of court of which it forms a part.
The trial judge overruled the exception of no cause and no right of action and also the plea of res adjudicata but sustained defendant's plea of estoppel and dismissed the suit. Plaintiff then took this appeal and defendant filed an answer asking that the judgment in so far as it sustained the plea of estoppel be affirmed and in the event that this court should fail to affirm on that plea that the other two exceptions be sustained and plaintiff's suit be dismissed nevertheless.
[1] In overruling the exception of no cause and no right of action the district judge took the position that the suit was a petitory action and that the defendant's contention that the suit, being one involving a dispute over the title of a certain tract of land and therefore should have been filed in the parish where the land was situated, could not be upheld as the law is that in a petitory action to revendicate real property the defendant may be cited and sued either in the parish where the property is situated or in the parish of the defendant's domicile at the plaintiff's option.
We cannot agree with the trial judge on what he concluded was the nature of the plaintiff's suit. Considering the allegations of his petition as a whole, we take it that his principal demand is one to have the court declare the deed which was made to the defendant by the Crowell Spencer Lumber Company, Limited, in accordance with the terms and provisions of the compromise agreement between him and the lumber company, to be a mortgage or an act of security of some kind for the payment of the fee of $50 which he says had been agreed upon, and since he had tendered that amount to the defendant who refused to accept the same, and also refused to make a deed retransferring the property to him, the court should decree the same to *Page 130 
have been merely a form or act of security and that he should be held to be the owner of the property therein conveyed.
[2] It is to be observed that in his petition plaintiff makes a specific allegation having reference to the suit filed by the Crowell Spencer Lumber Company, Limited, against him in December, 1933, and also to the deed made by the company to the defendant conveying to the latter the 75 acres of land, which agreement, as already stated, was incorporated in and formed part of the judgment rendered therein. Having made such allegation it is proper for the court, in construing his petition, to refer to the record in that suit, as well as to the deed transferring the 75 acre tract of land to the defendant under the judgment therein rendered, especially so in this case as copies thereof are found attached to the other pleas filed by the defendant. Not only is it proper for the court to refer to them but we find, according to the decision in the case of Succession of McDonald, 154 La. 1, 97 So. 262, that these records govern the court in determining whether the petition discloses a cause of action or not.
[3] Referring to the agreement we find that it provides that the Crowell Spencer Lumber Company, Limited, is to deed to the plaintiff, defendant in that suit, certain lands and will also deed to either the plaintiff or the defendant herein, the 75 acre tract involved in this suit. By his own allegations in his present petition plaintiff admits that he had the 75 acre tract deeded to the defendant and that also appears by the notarial act duly executed by the Crowell Spencer Lumber Company, Limited, to the defendant. The act is in regular authentic form making a proper conveyance of the land outright without mention of any right of redemption or other reservation whatsoever on behalf of the plaintiff. Moreover it recites that it is made in accordance with the compromise agreement between the Crowell Spencer Lumber Company, Limited, and the plaintiff herein, and that agreement is made part of the deed itself.
Under the situation thus existing, it is clear that parole testimony could not be admitted to change or alter the deed under which the property was conveyed to the defendant Fontenot. To admit any testimony of that nature would be tantamount to permitting the plaintiff herein to establish title to immovable property by parole evidence and would be contrary to our statutory provisions as embodied in Articles 2275 and 2276 of the Revised Civil Code.
[4] It is firmly established in the jurisprudence of this State that authentic acts of sale can only be attacked by the parties thereto either by means of a counter letter or the use of interrogatories on facts and articles or where fraud or error has been alleged. See Harris v. Crichton, 158 La. 358,104 So. 114, and authorities therein cited.
[5] It is hardly necessary to say that whatever allegations plaintiff may have made intimating that fraud was practiced upon him by the defendant are not sufficient to support a cause of action on that ground. We have quoted the only statement in his petition in which the word fraud is used and even then he does not charge the defendant with actual fraud but merely states that he believes that he is trying to defraud him out of his 75 acres of land. At most the allegation amounts merely to a legal conclusion on the part of the pleader which, as is well settled under our system and law of pleading, is not sufficient to sustain a cause of action.
So convinced are we that plaintiff's petition fails to disclose a cause of action that we prefer to rest our decision on the exception of no cause of action filed by the defendant and dismiss the suit on that ground. This disposition of the case makes it unnecessary for us to discuss and pass on the other two exceptions, one of which formed the basis of the decision of the lower court.
The judgment which overruled the exception of no cause of action was erroneous and it becomes necessary for us, in affirming it on some other ground, to recast it.
For the reasons stated it is now ordered that the exception of no cause of action filed by the defendant herein be and the same is hereby sustained and it is further ordered that the plaintiff's suit be dismissed at his costs. *Page 131