FRUGÉ, Judge ad hoc.
Plaintiff files this petitory action against 3 defendants.
The second article of plaintiff’s petition states that the 3 defendants are as follows : Dendinger, Inc., a Louisiana Corporation, and defendants Thomas I. Sanders and Leonard K. Kinchen.
The property claimed by petitioner is 40 acres of land, being the Southwest Quarter (SWj4) of Southwest Quarter (SWj4) of Section Twenty-three (23), Township-7-South, Range 9-East, Parish of Tangipahoa, and she alleges that she acquired this property by inheritance from her father, mother and brother. Then she further alleges that on the date of October 6, 1925, that by an Act passed before J. D. Dressner, Notary Public for the Parish of Orleans, petitioner and one, William Arthur Earle allegedly sold this property to E. P. Kinchen, said Act of Sale recorded in Tangipahoa Parish, effecting the property here at issue. She then proceeds to make an attack on said sale for various reasons outlined in her petition. She then sets out 2 chains of Title, both from a common ancestor, to wit, the State of Louisiana, one leading to E. P. Kinchen, to Dendinger, Inc. (wherein the above attacked sale appears), and the other leading to the other 2 defendants, Thomas I. Sanders and Leonard Kinchen.
The 2 defendants, Leonard Kinchen and Thomas I. Sanders filed Exceptions of No Right or Cause of Action, which were sustained by the District Court, hence this appeal by plaintiff, Claire Earle.
Reasons for judgment by the Trial Court are as follows:
“This matter is before the Court on exceptions of no right or cause of action filed by two of the defendants, Leonard Kinchen and Thos. I. Sanders. The exceptions are based on the fact that one of the deeds set out in the chain of title, viz., the one from the plaintiff and William Arthur Earl to E. P. Kinchen dated October 6, 1925, recorded in COB 106, pg. 94, is an alienation by the plaintiff. Plaintiff’s petition seeks to set this sale aside on *823 the ground that it was not signed. This suit is the outgrowth of two other suits, one between the exceptor and Dendinger, Inc. and the other between Dendinger, Inc. and Thomas I. Sanders and Leonard Kinchen, both of those chains of title go back to Louis R.. Sassinot.
“The Plaintiff comes in and seeks to set this sale aside and, also, brings a petitory action seeking to have herself recognized as the owner of the forty acres of land in dispute, and for damages for the cutting of timber and prays in the alternative for a judgment for the half interest which she would have acquired from her brother in the event that the court should find that she had transferred hers.
“The court views this as an omnibus suit seeking several things. Plaintiff has not made E. P. Kinchen nor his heirs parties to the suit. She is attempting to collaterally attack an act of sale in a petitory action.
“The court believes that she should first bring a direct action against E. P. Kinchen, the Kinchen heirs and their heirs and assigns to set aside this act of sale and, if successful, then bring her petitory action against anyone who is claiming or exercises any possession over the property.
“For these reasons the court is going to sustain the exception of no right or cause of action, reserving to the plaintiff the right to bring an appropriate suit to set aside this act of sale and, in turn, bring a petitory action in accordance with the view herein-above expressed.”
We are of the opinion that the District Court correctly disposed of the issues.
In the case of Chronos Land Co., Inc. v. Crichton, 150 La. 963, 91 So. 408, quoting Syllabus 9:
“In a petitory action, where the deeds under which plaintiff claims are valid on their face, and the parties thereto are not parties to the suit, they cannot be collaterally attacked as secured by misrepresentation and without payment of the purchase price, as a deed valid on its face may only be attacked by one having an interest to do so in an action to which the parties to the deed are made parties.”
In the case of Walker v. Fontenot, 22 So.2d 127, 128, this Court said:
“Authentic acts of sale can be attacked only by parties thereto, either by means of counter letter or use of interrogatories on facts and articles or where fraud or error has been alleged.”
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.