CLEMENT M. MOSS, Judge ad hoc.
This suit was instituted by Ruth Williams Brumfield seeking to have an act of sale to Rev. Noily Paul decreed null and void, and for an accounting of all fruits and revenues of the property described in the act of sale. The property consists of two lots of ground, with improvements, in the City of New Orleans. Plaintiff alleged she was the owner, and occupied the property until April 30, 1960, on which date the act of sale purported to transfer the property for $850.00 cash and the assumption by the defendant of the balances due on two mortgages on the property.
Plaintiff alleged that she does not deny her signature on the act of sale, but that she has no knowledge of having signed the act. She also alleged that
“on April 30, 1960 she was under the treatment of Dr. Frederick Rhodes, M. D., and the Charity Hospital of New Orleans, Louisiana, and she was receiv *47 ing medicine and was under heavy sedation for a period of time both prior and subsequent to the date of said act, and was on the date in question irrational and incapable of making any decision or of signing any Act of Sale of Property, or transfering any property, or doing any act which required knowledge and intent.”
Additionally, plaintiff alleged that she was not paid any part of the cash consideration of said sale.
An exception of no right or cause of action, filed by the defendant, was maintained and plaintiff’s suit was dismissed. Plaintiff perfected this appeal from the judgment of the lower court.
On appeal, the appellee urged affirmance of the judgment on the ground that an authentic act of sale can be attacked only by the parties thereto either by means of a counter letter or the use of interrogatories on facts and articles or by alleging fraud or error, citing Walker v. Fontenot, La.App. 1 Cir., 22 So.2d 127. This case involved the admissibility of parol testimony to alter a deed of conveyance, without alleging facts sufficient to constitute fraud. The principle there stated is inapplicable to the case now before this court. Other cases cited by appellee are not pertinent to the allegations of plaintiff’s petition, except in relation to her claim that the cash consideration recited in the act of sale was never received by her. In Barnes v. Barnes, 155 La. 981, 99 So. 719, the court was concerned with a possible simulation and upheld a deed reciting no consideration where there resulted a tacit ratification during the period of applicable prescription. Johnson v. Johnson, 191 La. 408, 185 So. 299, held that a grantor was bound by her acknowledgment, in an authentic act, of receipt of the cash consideration of the sale therein, in absence of fraud or error. A similar result was reached in Unity Industrial Life Insurance Co. v. Dejoie, et al., 202 La. 249, 11 So.2d 546. Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680, refused to permit the introduction of parol testimony, in the absence of allegations of fraud or error, to vary the recitals of an authentic act.
Appellee urged that LSA-Civil Code Article 2236, providing that “the authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery” substantiates the dismissal of plaintiff’s suit. This article assumes the validity of an agreement signed by the parties as set forth in the authentic act, and does not purport to provide that any agreement is valid in the absence of the essentials required for a valid contract.
One of the requisites for a valid contract is that the parties are legally capable of contracting. LSA-Civil Code Article 1779. This relates to the capacity to make a contract in its inception rather than to any fraud or error which may vitiate the consent of a party who has the capacity to contract.
The allegations of plaintiff’s petition pertain to her capacity to contract or her ability, under the law, legally to give any consent to the purported agreement, and not to any facts which might vitiate the consent otherwise legally given. She alleges that, on the date the act of sale was executed, “she was receiving medicine and was under heavy sedation”, and was “irrational and incapable of making any decision or of signing any act of sale of property, or transferring any property, or doing any act which required knowledge and intent.” The facts alleged are sufficient to show plaintiff’s incapacity to contract on the date of the alleged sale, under LSA-Civil Code Article 1789, which provides:
“A temporary derangement of intellect, whether arising from disease, accident or other cause, also creates an incapacity pending its duration, provided the situation of the party and his incapacity were apparent.”
*48 It is noted that it is the “temporary derangement of the intellect” that creates the temporary incapacity, whereas the quoted proviso is intended to protect the other contracting party to whom the situation and incapacity would not be apparent. Assuming the truth of plaintiff’s allegations, as the court is required to do in considering the exception of no cause of action, plaintiff should have the opportunity to establish her alleged incapacity.
Accordingly, the judgment is reversed and the case is remanded for further proceedings ; the costs of this appeal to be paid by appellee.
Reversed and remanded.