PONDER, Justice.
 

 The plaintiff, the owner in possession of eighty acres of land located in DeSoto Parish, brought this suit against the defendants seeking to have certain instruments decreed null and erased from the records of DeSoto Parish and to recover damages in the sum of $2,000.00 He alleges that the instruments are casting a cloud on his title and that he is entitled to the damages for the alleged slander of his title. The instruments sought to. be annulled and erased from the records are' as follows : a mineral deed conveying one-fourth of the mineral rights in and under the property executed in favor of J. M. Nabors on July 22, 1916; an acknowledgment executed by the plaintiff on August 18, 1943 in favor of the heirs of J. M. Nabors and his wife, both deceased; and certain leases executed by the Nabors’ heirs arid their assignees. He further seeks t'o have the one-fourth
 
 *199
 
 mineral interest decreed free of a lease executed by him covering the property.
 

 The defendants interposed exceptions of no cause and no right of action and a plea of estoppel. The exception of no right of action and the plea of estoppel were sustained by the lower court and the plaintiff’s suit dismissed. He has appealed.
 

 The purpose of this suit is to regain title to the one-fourth mineral interest standing in the name of the Nabors’ heirs and to have it decreed free of the leases executed by these heirs and a lease executed by the plaintiff. The suit hinges on the validity of the acknowledgment executed on August 18, 1943. If this acknowledgment is valid, the other questions pass out of the case. The plea of estoppel is urged in event the exception of no cause of action is denied.
 

 The acknowledgment of August 18, 1943 was executed by the plaintiff in the form of an authentic act. It is stated therein that the plaintiff is the owner of a described eighty acres of land and that J. M. Nabors acquired one-fourth of the minerals thereunder by act of sale of date July 22, 1916, which is recorded at page 580 in the records of DeSoto Parish. The following pertinent provisions are contained in the acknowledgment, viz.: "That it is hereby acknowledged that prescription against said mineral interest acquired by the said J. M. Nabors has not accrued, but such prescription has been interrupted and/or suspended by reason of the fact that minors have heretofore succeeded to the rights and interest of J. M. Nabors and his deceased wife, Mrs. Mary Lee Nabors; and that in consideration of One and no/100 ($1.00) Dollar, in hand paid, and other valuable considerations, said appearer does hereby acknowledge that an undivided one fourth (J4) interest in the oil, gas and other minerals in and under the above described tract of land is presently vested in the heirs, legatees and successors in title of the said J. M. Nabors and Mrs. Mary Lee Naljors, his wife, both deceased, and does hereby renew and continue the rights of said persons which are derived by virtue of the original conveyance of mineral rights dated July 22, 1916, above referred to.”
 

 Counsel for the plaintiff contends that the acknowledgment became null and of no effect after Act 232 of 1944 went into effect and that the Nabors’ heirs did not avail themselves of the provisions of this act by asserting their rights within one year.
 

 The acknowledgment was executed prior to the enactment of this statute, Act 232 of 1944, and prescription began to run anew from the date of the acknowledgment. Act 232 of 1944 was enacted to prevent the minority of a coproprietor from interrupting prescription as to the major coproprietors, as was provided in Article 802, Revised Civil Code, which read as follows : “If among the coproprietors there be one against whom prescription cannot run, as for instance a minor, he shall preserve the right of all the others.” Under the provisions of Act 232 of 1944 liberative
 
 *201
 
 prescription runs against coproprietors not under legal disability. The statute by its very terms is made to apply to existing mineral rights and gives those whose rights are effected one year from its effective date to exercise their rights. At the time this statute was enacted the rights of the Nabors’ heirs were in full force and effect by virtue of the acknowledgment and the prescriptive period by which these rights could be lost has not terminated. Their rights are not now dependent on an interruption of prescription. Under the circumstances, the statute has no application.
 

 Counsel for the plaintiff contends that the acknowledgment is null for lack of consideration. He alleges in his petition that the consideration recited in the acknowledgment was not paid. He has not favored us with authorities to the effect that a special consideration must be given to support an acknowledgment and we know of no law that requires it.
 

 Under the provisions of Article 3520, Revised Civil Code, “Prescription ceases * * * to run whenever the debt- or, or possessor, makes acknowledgment of the right of the person whose title they prescribed.” This Court has considered this article of the Code on numerous occasions. Some of the most recent cases, reviewing the jurisprudence on the subject matter, are the cases of Frost Lumber Industries, Inc. v. Union Power Co., 182 La. 439, 162 So. 37; Vincent v. Bullock, 192 La. 1, 187 So. 35. It is apparent, from a reading of the opinions in these cases and those cited therein, that the legal requirement for an acknowledgment sufficient to interrupt ten years prescription for nonuser of a mineral servitude must be expressed and certain, must have been made for that purpose and must adequately describe the property to which it applies. The acknowledgment in the present case was by authentic act and was made for the expressed purpose of interrupting prescription and the property was adequately described. We have reviewed a number of the decisions of this Court involving an acknowledgment of this nature and do not find that the question of a special consideration for acknowledgment was ever raised. In fact, a number of the acknowledgments approved and given effect were not supported by an independent consideration. The reason that this question has not heretofore been raised is that there is no provision in our law requiring a special consideration for an acknowledgment.
 

 The plaintiff contends that the acknowledgment does not comply with Article 2272 of the Revised Civil Code. He cites the case of International Accountants Soc. v. Santana, 166 La. 671, 117 So. 768, 659 A.L.R. 276. Article 2272 is incorporated in the Code in that part of it dealing with the proof of obligations and sets forth the essential elements of recognitive acts. Conceding that this article of the Code is applicable, it would afford the plaintiff no relief. The case he relies on, International Accountants Society v. Santana, supra, is
 
 *203
 
 to the effect that the intention to ratify an act not binding on a party, provided by Article 2272 of the Civil Code, must be clearly and unequivocally shown, whether it is validated by a formal instrument or by its voluntary execution. It is pointed out therein that the intention to ratify an act not binding on a party cannot be inferred. The acknowledgment in this case is clear and explicit and shows on its face that it was purposefully executed to interrupt the then running prescription.
 

 We have concluded that the acknowledgment was valid and that the lower court properly sustained the exception of no cause of action. Sttch being the case, there is no necessity to pass on the plea of estoppel.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.
 

 O’NIELL, C. J., and HAMITER, J., taking no part.