Percy FONTENOT, Appellant,

v.

TEXACO, INCORPORATED, Appellee.

No. 25600.

United States Court of Appeals
Fifth Circuit.

June 26, 1968.

Donald Solieau, Mamou, La., for appellant.

Charles Bailey, Lafayette, La., Wiley G. Lastrapes, Daniel P. Hurley, New Orleans, La., Bailey & Mouton, Lafayette, La., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

PER CURIAM:

In this Louisiana slander of title action appellant seeks cancellation

of a mineral servitude of appellee, insofar as it affects appellant's property, on the ground that the servitude has been extinguished under Louisiana law for nonuse for a period of 10 years. See La.Rev.C.C. Articles 789 and 3546. The servitude was created on May 13, 1924, by the reservation thereof of the subsoil below the depth of 500 feet from the surface of the earth. On February 11, 1929, the prescription accruing on this mineral servitude was interrupted by express acknowledgment, intended to operate as an interruption, thereby beginning a new 10-year period. Appellant's contention that the acknowledgment was invalid for failure of consideration is without merit under the facts and Louisiana law, for the record indicates that there was a serious consideration in money as well as other valuable considerations. There is no provision in Louisiana law requiring a special consideration for such an acknowledgment. James v. Noble, 214 La. 196, 36 So.2d 722 (1948). Nor is there any validity to appellant's contention that the original reservation of a mineral servitude was invalid as attempting to divide the land horizontally by the creation of a right unknown to Louisiana law. See Wier v. Texas Co., 5 Cir., 1950, 180 F.2d 465, where the identical issue involving the same servitude was considered and determined adversely to appellant's contention. See also Goldsmith v. McCoy, 190 La. 320, 182 So. 519 (1938); Clement v. Dunn, 168 La. 394, 122 So. 122 (1929).

■ Appellant also urges that the servitude was divided because of a telegraph road which was in existence before the reservation of the servitude, that this constituted a reservation of noncontiguous tracts, and that in order to constitute usage, there must have been use of both tracts. There is no evidence of such a road other than a broken line on the official township plat, nor is it apparent that a road was established by a written instrument. Even if such a road were established pursuant to a prior easement or servitude, it would not separate the body of land into noncontiguous parcels so as to divide the mineral servitude. Hunter Co. v. Ulrich, 200 La. 536, 8 So.2d 531 (1942); Leader Realty Co. v. Taylor, 147 La. 256, 84 So. 648 (1920).

■ Finally, in the alternative, appellant urges that the servitude was divided by incorporation of a portion thereof in a voluntary unit and that the remainder, consisting of appellant's undeveloped land, was lost by nonuse for the 10-year period. This contention, too, is without merit since the evidence conclusively establishes that the servitude was held both by unit wells and non-unit wells, all located on the servitude itself. It would have been sufficient had there been only unit wells under these circumstances. Trunkline Gas Company v. Steen, 249 La. 520, 187 So.2d 720 (1966), but the evidence is overwhelming that there were wells on both unitized and non-unitized portions of the servitude.

■ The court's decision occurred on motion for summary judgment, which was amply supported by mover's affidavits and exhibits and to which appellant filed no countervailing affidavits or other evidentiary material. Under Rule 56(c) of the Federal Rules of Civil Procedure, there was, therefore, no genuine issue as to any material fact and under the law of Louisiana mover was entitled to judgment dismissing the suit.

Affirmed.