### *JOSEPH vs. MORENO.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

A written promise to sell or convey real property is valid notwithstanding there be no signing or written assent by the promisee Proof of that assent may be proved by evidence *aliunde.*

The plaintiff, Jean Joseph, instituted this suit to compel the defendant Moreno to the performance of a promise given the plaintiff, to convey to him one-half of a tract of land, situate in the parish of Plaquemines, of three-and-a-half arpents front, and also to be declared part owner of a slave in possession of defendant.

The plaintiff adduced a written promise from Moreno to convey him one-and-a-half arpents of the above-mentioned tract. In regard to the slave, the testimony shewed him to be paraphernal property. There was judgment for plaintiff in the court below for one-and-three-fourth arpents. Defendant appealed.

*Vinot* for appellant.

The written promise to sell was not regularly accepted by the plaintiff.

*Preston* for appellee.

*Mathews, J.* delivered the opinion of the court.

This suit is based on a promise made in writing by the defendant, to sell to the plaintiff one-and-a-half arpents of land,

front on the Mississippi, situated in the parish of Plaquemines.
The court below decreed that a conveyance should be made
by the former to the latter, of an undivided half of three-and-
a-half arpents, (which had been bought by the defendant at a
sale of the estate of one Gautier,) on condition that one-half
the price of the whole tract should be refunded to him by
the plaintiff.   From this decree the defendant appealed.

The judgment of the District Court seems to be founded
principally on the promise made in writing to sell.   The
correctness of this decision is strenuously opposed by the
counsel of the appellant, on the ground that the promise was
not accepted by the person in whose favour it was; and in
support of the doctrine which he undertakes to maintain, re-
ference is made to the Louisiana Code, articles 2415 and
2437, and sequent; and to 3d Merlin Reports, on the sub-
ject of written contracts.   These articles of the Louisiana
Code are similar to the articles 2 and 9 of the old Civil Code,
found in pp. 344 and 346 of that book.   They received an
interpretation in the case of Crocker vs. Neily et al, report-
ed in 3*d N. S.* p. 583.   The facts in that case are almost
identical with those of the present.   There was a promise to
sell and convey certain real property not accepted by the
vendee; that is, the writing by which the promise was made,
was not signed by the party who claimed its benefits; but
proof of its acceptance, or consent of the promisee, was made
out by facts *aliunde.*   The same thing has been done in the
present instance.   There is also a case in 6*th N. S.* which
supports the doctrine established in that first cited.   See
page 432 and sequent.   *Stare decisis* is a good legal maxim;
but we are of opinion that the court below has decreed
more land to the plaintiff than the evidence of the case au-
thorized.   The promise to sell, which is certainly the main
legal basis of his claim, is limited to one-and-a-half arpents
front; and we find adjudged to him one and three-fourths.
Now, in a tract of land containing only one-and-a-half, or
one-and-three-fourth arpents, which gives a difference of one-

A written promise to sell or convey real property is valid notwithstand-ing there be no signing or written assent by the promisee.   Proof of that assent may be proved by evi-dence *alinde,*

Eastern District, seventh, this difference cannot be viewed as a *minimum* un-
June 1831. respected by law, as contended for by the appellee's counsel.

JOSEPH
*vs.*
MORENO,

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be avoided, reversed, and annulled. And proceeding to give such judgment as ought, in our opinion, to have been given in the court below, it is further ordered, adjudged, and decreed, that the defendant do convey to the plaintiff one-and-a-half arpents front on the Mississippi, of the tract of land described in the petition, (with such depth as may appertain to it) within ten days after notice of this judgment or decree, and so soon as the plaintiff shall pay to him, or deposite for his use with the parish judge of Plaquemines, the sum of two hundred and thirty-seven dollars and eighty-six cents, ($237 86,) being the price as stipulated;—the plaintiff and appellee to pay the costs of this appeal, and the defendant and appellant, those of the District Court.