No. 2610.—JOSEPH H. BALCH v. ANN YOUNG, Widow and Tutrix.

The law does not require that the acceptance of a contract must be expressed on its face, nor is it essential that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations or in doing some act which indicates his acceptance.

APPEAL from the Fifth District Court, parish of Iberville. Posey, J. Talbot & Petit, for plaintiff and appellee. Barrow & Pope, for defendant and appellant.

LUDELING, C. J. The plaintiff sues to annul a sale of rights and credits, on the grounds that he was intoxicated when he made the sale, and that Young, the vendee, never accepted the sale.

There is no evidence in the record to prove the first ground. The acceptance of a contract need not be expressed in it, nor is it indispensable that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations, or in doing something which clearly indicates his accept-

ance. In this case Young had the act of sale prepared by a lawyer; it was signed and recorded by the plaintiff, who was the recorder, and then delivered to Young, who placed it among his papers, where it was found after his death. 13 La. 267, Amory v. Black; 4 An. 162; 3 An. 523, Ryder v. Frost; C. C. 1811.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment in favor of the defendant, rejecting the plaintiff's demand, with costs of both courts.