The registration of an act of sale signed by the vendor alone will effect a registry of the sale. Hutchinson v. Rice, 33 South. 57, 109 La. 29, overruled.

Monroe, J., dissenting.

(Syllabus by the Court.)

Case Certified from Court of Appeal, Parish of Orleans.

Action by Felicien Lepine against L. H. Marrero, sheriff, and others. Judgment for plaintiff, and defendants appeal. Case certified from the Court of Appeals by the judges applying for instructions. Question answered in the affirmative.

Philip H. Mentz, for plaintiff. Rapp & Weiss and Louis Herman Marrero, Jr., for defendants.

PROVOSTY, J. Plaintiff's home was seized as if still belonging to his vendor, although he held it by a cash deed duly recorded. The deed, however, was signed by the vendor alone; and upon that circumstance the seizing creditor relied in making his seizure. Plaintiff has enjoined the seizure; and the question presented is: Whether the recordation of a cash deed to real estate signed by the vendor alone will effect a registry of the sale as against third persons. Finding that this question had been decided in the negative by this court in the recent case of Hutchinson v. Rice, 109 La. 29, 33 South. 57, while the former jurisprudence (Allen v. Whetstone, 35 La. Ann. 846, and cases there cited) seemed to be the other way, the Court of Appeal for the parish of Orleans, where the suit is pending, has certified the question to this court.

There is certainly a conflict, and inasmuch as the former jurisprudence constituted a rule of property, we have concluded to overrule the Rice Case, without stopping to debate whether its doctrine is not the logical deduction from the provisions of the Code on the subject of registry. "Omnis innovatio plus novitate perturbat quam ultilitate prodest." Levy v. Hitsche, 40 La. Ann. 508, 4 South. 472; Douglas Co. v. Pike, 101 U. S. 677, 25 L. Ed. 968.

We therefore answer the question in the affirmative.

MONROE, J., dissents.

---

(41 South. 217.)

No. 16,085.

McCALEB v. BOARD OF COM'RS FOR THE BURAS LEVEE DIST.

(May 7, 1906.)

COURTS—SUPREME COURT—JURISDICTION.

In a suit to recover taxes paid in error, held, that the questions are not within the jurisdiction of this court.

(Syllabus by the Court.)

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; Nemours Henry Nunêz, Judge.

Action by James F. McCaleb against the board of commissioners for the buras levee district. Judgment for plaintiff, and defendant appeals. Transferred for want of jurisdiction.

John Dymond, Jr., for appellant. Edwin Howard McCaleb, for appellee.

BREAUX, C. J. Plaintiff paid in error $132.86, with interest and cost, being the amount of levee and acreage tax for the years 1894 to 1904, inclusive.

He had bought 4 arpents of land front by 40 arpents in depth. Some time afterward a survey was made, and it was found that six-sevenths of this land belonged to the government, and a small triangular tract, consisting of about one-seventh of the whole, was all that plaintiff owned under his deed of purchase.

He had placed some improvements on the land. He was ousted from the land by the United States government, who had absolute title to it. After he had been ousted he brought suit against his vendor, and recovered the price he had paid and the value of his improvements; consisting of $2,000, the price, and $1,500, the value, of the improvements.

Having paid the taxes thereon in error, and having been evicted as before mentioned because he had no title except to the fractional area before mentioned, plaintiff brought suit against the board of levee commissioners for the return of the taxes which he alleges were unlawfully assessed against him, the land being exempt from taxation.

Defendant objected to the return of these taxes on the ground that there was a natural obligation to pay them; furthermore, that the taxes were apparently legal; and, again, that the right of exemption did not include exemption from taxation on land which was not supposed to belong to the United States government, but to persons in possession.

The tax claimed had been paid. It was no longer in contestation. It had passed out of the possession of the taxpayer into the hands of the levee board. In all cases in which the tax collecting authority brings suit for the recovery of taxes, the constitutionality or legality of the tax presents issues which may be brought up before this court, but after it has passed into the hands of the tax collecting authorities it no longer gives rise to questions of unconstitutionality or legality of the tax. The sole question now is whether or not an error has been committed, and whether or not on that ground it is possible for the plaintiff to recover after payment has been made. The questions to which this gives rise are no questions of constitutionality vel non or legality vel non of the tax, as made evident by the issues which are presented to be passed upon by this court.

The exemption invoked is an incident in connection with the issue of error and nothing more; it is a fact to decide which there is no necessity of considering the questions just stated, over which this court has jurisdiction; that is, questions of legality and constitutionality. Moreover, the matter of exemption and the error committed in the assessment of the property in the name of one who is not the owner, is not within the jurisdiction of this court.

We have concluded ex proprio motu to transfer this appeal to the Court of Appeal, parish of Orleans for want of jurisdiction, under Act No. 56 of 1904, provided that before said transfer is made the appellant or his attorney of record shall make oath that his appeal was not made for the purpose of delay.

It is therefore ordered, adjudged, and decreed that this suit be transferred for want of jurisdiction, and that should the defendant fail to file the affidavit required by the statute just cited within 10 days from date of this order then the appeal shall be considered dismissed.