(84 South. 60)

No. 22400.

SAUNDERS v. BOLDEN et al.

(March 1, 1920.)

*(Syllabus by Editorial Staff.)*

JUDGMENT ☞747(½)—JUDGMENT IN JACTITA-
TION SUIT NOT A BAR TO PETITORY ACTION.

Judgment in a jactitation suit which mere-
ly ordered defendant to establish his claims or
pretensions to the land by a petitory action is
not a bar to defendant's right of recovery in
a petitory action when brought by him, since
he should not be adjudged in default for having
failed to establish his claims or pretensions un-
til he has had opportunity to establish them.

Appeal from Twelfth Judicial District
Court, Parish of De Soto; John H. Boone,
Judge.

Suit by Dennie W. Saunders against Abe
Bolden and others. From judgment of dismis-
sal, plaintiff appeals. Judgment annulled,
and case ordered remanded for further pro-
ceedings.

Scarborough & Carver, of Natchitoches, for
appellant.

Elmo P. Lee, of Mansfield, for appellees.

O'NIELL, J. Plaintiff appeals from a judg-
ment dismissing his suit on a plea of res
judicata. The suit is a petitory action, for
title to a tract of 80 acres of land in de-
fendant's possession. The judgment on which
the plea of res judicata is founded was ren-
dered in a jactitation suit, entitled Bell v.
Saunders, reported in 139 La. 1037, 72 South.
727. Bell derived title from Bolden, who re-
served the usufruct and remained in posses-.
sion of the land as usufructuary. Bell there-
fore founded his right of action for slander
of title upon the allegation that Bolden held
possession for him. Saunders, as defendant
in the action of slander of title, pleaded that
Bolden was his tenant, holding possession for
him, and that Bell, therefore, had no right of
action for slander of title. In support of the

146 LA.—26

plea, Saunders introduced in evidence an in-
strument purporting to be a deed from Bol-
den to him and a lease from him to Bol-
den. The instrument bore an earlier date
than the deeds by which Bell claimed title
from Bolden, but was recorded subsequent
to the registry of Bell's deeds. Because of
the previous registry of the deeds under
which Bell claimed title, the district court
decided that Bolden held possession as usu-
fructuary for Bell, not as tenant for Saun-
ders, and maintained Bell's right of action
for slander of title. On appeal, this court
held that the instrument under which Saun-
ders contended that Bolden held possession
as his tenant, and the testimony in sup-
port thereof, should not have been admitted
in evidence against Bell, and the court there-
fore eliminated the evidence so offered. The
decree merely affirmed the judgment appealed
from, which was as follows, viz.:

"L. H. Bell, Sr., v. Dennie W. Saunders.
                        No. 7660.

"District Court, De Soto Parish, Louisiana.

"In this case, by reason of the law and the
evidence being in favor of the plaintiff and
against the defendant, it is therefore ordered,
adjudged and decreed that the plaintiff is in
the possession as owner of the following de-
scribed land lying and situated in the parish
of De Soto, state of Louisiana, to wit, * * *
and that defendant, Dennie W. Saunders, has
slandered the title of plaintiff.

"And it is ordered, adjudged and decreed that
the defendant be ordered to establish by petitory
action his claims or pretensions, if any he has,
to said property, and that his failure to do so
shall stand as a perpetual default in that re-
gard against said defendant.

"It is further ordered that defendant pay
the costs of this suit.

"Thus done, read," etc.

Appellee relies mainly upon the decree in
the jactitation suit that, if the defendant,
Saunders, should fail to establish by petitory
action his claims or pretensions to the prop-
erty, his failure to do so should stand as a
perpetual default against him in that regard.
But it must be borne in mind that what was

to stand as a perpetual default was, not a failure of Saunders to ·institute a petitory action within any specified time, but a failure on his part to establish his claims or pretensions in a petitory action. He should not be adjudged in default for having failed to establish his claims or pretensions until he has had an opportunity to establish them. Although the reasons for which Bell's right of action for slander of title was maintained may eventually prove sufficient—or might even now be deemed sufficient—to maintain Bolden's defense of this petitory action upon its merits, it is illogical to say that the judgment that merely ordered Saunders to establish his claims or pretensions by a petitory action should stand as a bar to his right of recovery in the petitory action.

The judgment appealed from is annulled, and it is ordered that the case be remanded to the district court for further proceedings not inconsistent with this opinion. The defendant, appellee, is to pay the costs incident to the plea of res judicata, including the costs of this appeal; all other costs are to depend upon the final judgment.