(98 South. 867)

No. 24862.

### SAUNDERS v. BOLDEN et al.

(Dec. 17, 1923. On Rehearing, Jan. 28, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Deeds** ⊗∾6 — **Sales; instrument held an effective conveyance of land to which the purchaser consented.**

Where an owner of land signed a document, reciting that "this is to certify that I have sold the L. place to B., and he has 10 years to pay for same; $50 per year," and delivered such document to B., who went into possession, *held*, that a perfect grant and translation of the land to B. was shown within Civ. Code, arts. 2275, 2456, the consent of the transferee being implied under article 1811 from his going into possession and subsequently selling the property to others.

2. **Contracts** ⊗∾43—**Deeds** ⊗∾65—**Sales; written acceptance of contract or act of sale of land not necessary.**

Written acceptance of a contract or an act of sale is not necessary, but may be established by acts clearly indicating acceptance.

3. **Deeds** ⊗∾65—**Sales; implied acceptance applies to sales on credit as well as for cash.**

Implied acceptance of a conveyance of land by taking possession and subsequently selling the land to others may take place equally well where the sale is on credit as where it is for cash.

4. **Deeds** ⊗∾183—**Sales; attempted resale of property without consideration held ineffective.**

Where land was sold under a contract accepted by the grantee who took possession, and

thereafter sold the land to others, an attempted retrocession of the property to the original owner was without effect on the title of the purchaser's grantees, no consideration being expressed in such attempted resale, especially where the act of sale was not registered until after the sale to the third parties.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Suit by D. W. Saunders against Abe Bolden and others. Judgment for defendants, and plaintiff appeals. Amended.

Scarborough & Carver, of Natchitoches, for appellant.

Lee & Bell, of Mansfield, for appellees.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. This is a petitory action. The land involved is 80 acres, located in De Soto parish, and has one or more oil producing wells on it. It is the third time the controversy between the parties has been before this court in one form or another. See Bell v. Saunders, 139 La. 1038, 72 South. 727; Saunders v. Bolden, 146 La. 801, 84 South. 60.

On December 20, 1910, the plaintiff executed and signed the following document:

"This is to certify that I have sold the Judie Lewis place to Abe Bolden, and he has 10 years to pay for same; $50 per year."

The document was delivered to Bolden, and he went into actual possession of the land, and has continued in such possession. It is admitted that the 80 acres involved is known as the Judie or Pier Lewis place. The instrument was not recorded until May 24, 1913, and some two weeks thereafter Bolden sold three-fourths' interest in the land to L. H. Bell and one-fourth to C. W. Elam. The sales to Bell and Elam contained a reservation in favor of Bolden of a life usufruct of the surface of the land for agricultural purposes.

Before the sales by Bolden to Bell and Elam, Bolden executed the following instrument:

"This is to certify that I have this day sold back to D. W. Saunders the Pier Lewis place, and rented the same."

The above document was not recorded until after the registry of the sales from Bolden to Bell and Elam.

It is alleged in the petition that the purchasers from Bolden were not acting in good faith, but were illegally attempting to acquire the property to the prejudice of plaintiff's just title, of which they were fully informed. It is further alleged that the instrument signed by Saunders on December 20, 1910, was an incomplete proposition of sale of the land which was never accepted by Bolden by taking title or by paying any part of the price. That it was merely an incomplete memorandum of the proposed sale of a piece of land which was not signed by Bolden, and on which no price was fixed.

The prayer is that petitioner be decreed the owner of the land and entitled to the possession thereof.

An amended petition was filed, in which it is alleged (in the alternative) that no part of the price of the land had been paid, and, in the event the court should hold that the instrument referred to invested title in Bolden, then the sale should be dissolved for nonpayment of the price.

The defense is substantially that the property was sold to Bolden by the plaintiff under a valid and legal title, and that the land was acquired by the defendants from said Bolden in good faith. In the alternative it is alleged that the defendants tendered to the plaintiff the full amount due on the purchase price on two separate occasions, which tenders the plaintiff refused to accept. Defendants pray that, in the event it should be held that plaintiff has the right to rescind the sale for nonpayment of the price, then

that defendants be permitted to avoid such dissolution by paying the price with interest.

There was judgment recognizing the heirs of L. H. Bell, Sr., deceased, as owners of the land, and condemning Bolden, the plaintiff's vendee, to pay plaintiff the sum of $900 with 5 per cent. per annum interest thereon from the date the judgment becomes final. The plaintiff appeals.

## Opinion.

It may be stated at the outset that there is nothing in the record to sustain the charge of bad faith on the part of Bell and Elam in their purchase of the land from Bolden. As was said in Bell v. Saunders, 139 La. 1049, 72 South. 732:

"Finding Bolden in possession of the land, under a recorded title, as owner, plaintiff [Bell] was entirely within his rights in dealing with him as the only person having an interest in the land."

The pivotal question is whether the document executed by Saunders to Bolden evidenced a present completed sale when and if accepted by Bolden.

"The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid." C. C. art. 2456.

"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the property thus sold." C. C. art. 2275.

[1] Considered in the light of the above-quoted articles of the Code, the instrument under consideration on its face presents a perfect grant and translation of the land to Bolden, with the exception that the latter's consent is not shown by the document itself. The vendor declared that he had sold the land named to Bolden for the price of $50 per year, payable in 10 years, thus combining in said instrument two of the essentials of a sale, the thing and the price, and to which may be added the other essential, in so far as plaintiff is concerned, that of his consent. There is no question about the thing sold or intended to be sold, and the price is fixed, definite, and determined. Nor can the plaintiff be heard to say that his consent was lacking, because he had declared in a most solemn manner that he had sold the land to Bolden, designating the land by name, and stating the price and terms of payment. If there was an agreement as to the thing and the price, as the plaintiff declared in the writing that there was, it constituted a sale as between vendor and vendee under C. C. art. 2275, above quoted, since the purchaser went into actual possession under the act of sale as given him by the vendor. If anything further on the part of Bolden than accepting the instrument of sale and going into actual possession of the land thereunder was necessary to evidence his acceptance and to establish his consent, it may be found in his subsequent remaining on the property for two years under the sale, and his sale to Bell and to Elam.

The Code declares that the proposition as well as the assent to a contract may be express or implied; express when evinced by words, either written or spoken, and implied when it is manifested by actions. Article 1811.

"Actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract." C. C. 1816.

[2] It is well settled in the jurisprudence of this state that written acceptance of a contract or an act of sale is not necessary, but may be established by acts clearly indicating acceptance. In Balch v. Young, 23 La. Ann.

272, it was said that the law does not require that the acceptance of a contract must be expressed on its face, nor is it essential that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations, or in doing some act which indicates his acceptance. See, also, Ryder v. Frost, 3 La. Ann. 523; Connolly v. Autenrieth, 4 La. Ann. 162; Lepine v. Marrero, 116 La. 942, 41 South. 216.

The only decision we are able to find holding to the contrary is Hutchinson v. Rice, 109 La. 29, 33 South. 57, and that decision was expressly overruled in Lepine v. Marrero, supra.

[3] Our conclusion is that the instrument, the subject of plaintiff's attack, is not a promise of sale, but, by the acceptance of Bolden in the manner we have stated, became at once a completed sale, and transferred the property to Bolden as effectively as if he had given his written assent thereto. The acceptance in the manner we have indicated applies equally as well to sales made on credit as to those made for cash. We can see no reason for any distinction.

[4] The attempted retrocession of the property by Bolden to Saunders was utterly without any effect as against Bell and Elam, for the reason that no consideration is expressed in said attempted sale or resale, and for the further reason that the said act was not registered until after the sales to Bell and Elam. The contract of retrocession was declared inadmissible as against the purchasers from Bolden in the case of Bell v. Saunders, 139 La. 1048, 72 South. 727, when the only question before the court was the question of possession.

The judgment of the lower court recognized the heirs of L. H. Bell, Sr., deceased, to be the owners of the property free of any claim, and condemned Bolden to pay the plaintiff the amount due on the purchase price. The judgment will have to be amended.

The heirs of Bell in their answer alleged that they had tendered the purchase price with interest to the plaintiff, on two separate occasions, and they pray that, in the event the sale should be dissolved on account of the nonpayment of the price, they be permitted to deposit the amount of said price with the court within a delay to be fixed by the court. And in brief of counsel for the Bell heirs it is said that the claim for the purchase price has never been disputed by the heirs of Bell.

The judgment appealed from is therefore amended so as to read as follows: The heirs of L. H. Bell, Sr., deceased, are recognized to be the owners of the land described in the petition, subject to a life usufruct of the surface in favor of Abe Bolden, and the demand of the plaintiff to have the sale to Bolden, of date December 20, 1910, rescinded for nonpayment of the price is rejected, upon the defendants' depositing in court, subject to the order of the plaintiff, within 10 days from the filing of this judgment in the lower court the sum of $900, being the amount tendered by the defendants to the plaintiff on March 27, 1920, together with 5 per cent. per annum interest from that date till paid. The cost of this appeal to be paid by the defendants, and all other costs by the plaintiff.

On Application for Rehearing.

By the WHOLE COURT.

PER CURIAM. The decree is amended by allowing 5 per cent. per annum interest on the amount of the judgment from the date the said judgment of this court shall have become final instead of from March 27, 1920, as allowed in the judgment. With this amendment the rehearing is refused.