### No. 11,846

### Orleans

R. F. GRACE PRINTING & MFG. CO., LTD., v. ARNAUD'S DRUG STORES, INC.

(April 1, 1929. Opinion and Decree.)

Matthew A. Grace, of New Orleans, attorney for plaintiff, appellee.

Gerald Netter, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff sued Arnaud's Drug Stores, Inc., a Louisiana corporation, and Arthur B. Leopold and B. F. Brennan, jointly, severally and in solido, for $291.60, alleging that during January, February, March and April of 1927, plaintiff sold and delivered to Arnaud's Drug Stores, Inc., merchandise amounting to $291.60, as per the itemized statement annexed to the petition.

He alleges that on September 2, 1927, plaintiff entered into an agreement with A. Arnaud, B. F. Brennan and Arthur B. Leopold, whereby they guaranteed the above account in consideration of a six months' term of credit, declaring themselves jointly, severally and in solido liable for the payment of the said indebtedness. A copy of the guarantee, signed by defendants but not by plaintiff, is annexed to and made part of the petition.

Plaintiff further alleged that Arnaud, one of the signers of said agreement of guarantee, is a bankrupt.

Leopold and Brennan filed exceptions of non-joinder and mis-joinder, and an exception of no cause of action. Reserving the benefit of said exceptions, Leopold and Brennan admitted their signatures to the document sued upon, but denied the remaining allegations of the petition. Further answering, respondents averred that the purported guarantee annexed to the petition is void and of no effect for the reason that it is uncertain and indefinite as to amount, and for the further reason that there was no allegation of acceptance on the part of the plaintiff.

There was judgment in the lower court in favor of plaintiff and against Leopold and Brennan in solido, in the sum of $291.60, from which judgment said defendants have appealed devolutively.

The evidence shows that the goods were sold and delivered to Arnaud's Drug Stores, Inc., during the months of January, February, March and April, 1927; that Brennan and Leopold were present on several occasions when orders for merchandise were given to William D. Grace, secretary and treasurer of plaintiff corporation, and that defendant was operating seven drug stores.

Defendants in this court only urge their exception of no cause of action, as they had no witnesses on the trial of the case.

They argue that the guarantee has no validity, because it was not accepted by plaintiff.

This contention is not sound, because plaintiff impliedly accepted the guarantee by acting thereunder, with the full knowledge and approval of Leopold and Brennan. On this point see Civil Code, Art. 1811;

Blach vs. Young, 23 La. Ann. 272; Bodenheimer & Bro. vs. Mary Planting & Mfg. Co., 1 Orl. App. 13; Saunders vs. Bolden et al., 155 La. 136, 98 So. 867.

The contention is also made that the contract of guarantee is invalid because of uncertainty and vagueness.

As the testimony shows that the defendant, Arnaud Drug Stores, Inc., was operating seven drug stores, we do not think that the amount claimed, namely, $291.60, is an excessive charge for printing material for four months. On the contrary, we think that such an amount is covered by a reasonable interpretation of the contract of guarantee. Furthermore, it would certainly have been more equitable and more consistent with fair play and justice for the defendants to have objected to the amount of the materials when furnished, if they expected to make such defense later on.

The evidence amply justifies the conclusion of the trial court and the judgment is therefore affirmed.