91 So.2d 416 (1956)
Succession of Ed JENKINS.
Sim JENKINS et al., Plaintiffs-Appellants,
v.
A. C. DYKES, Defendant-Appellee.
No. 8240.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1956.
*417 Dhu & Lea S. Thompson, Monroe, for appellants.
Armand F. Rabun, Farmerville, for appellee.
AYRES, Judge.
This is a petitory action wherein plaintiffs, five in number, as the surviving heirs of Ed Jenkins and Roxanne Warren Jenkins, both deceased, assert ownership of the whole of a certain tract of land comprising 170 acres, more or less, situated in Union Parish, Louisiana. Plaintiffs claim title by inheritance from their aforesaid parents and by inheritance from a brother, Ralph Jenkins, a sixth child of their aforesaid father and mother. Ralph Jenkins died intestate July 7, 1946, survived by his father, his five aforesaid brothers and sisters and by his surviving widow, Sarah Collins Jenkins. The defendant, A. C. Dykes, claims title to a fractional undivided interest in said tract through a deed from Sarah Collins Jenkins as the surviving widow in community with the aforesaid Ralph Jenkins, deceased.
From a judgment recognizing and decreeing defendant the owner of an undivided 165/1440 interest in said lands and recognizing and decreeing plaintiffs the owners of the remainder thereof, the plaintiffs appealed.
The property, the title or interest to which is in dispute, was acquired by Ed Jenkins as the head and master of the régime of the community of acquets and gains then existing between him and his wife, Roxanne Warren Jenkins. The property, therefore, became an asset of the community estate existing between Ed Jenkins and his wife, the latter of whom died August 26, 1919, leaving as her sole heirs the five plaintiffs herein, together with Ralph Jenkins, all issue of her marriage with the said Ed Jenkins.
The primary basis of plaintiffs' attack upon defendant's title is predicated upon transactions between plaintiffs and their father subsequent to their mother's death. July 23, 1922, Ralph Jenkins and all of plaintiffs except Sim Jenkins, sold the interest they inherited from their mother in the aforesaid property to their father. The consideration in said alleged sale was recited to be $100 and other valuable considerations aggregating $500. Approximately 12 years thereafter, particularly on June 21, 1934, Ed Jenkins mortgaged said property to the Federal Land Bank of New Orleans to secure a loan of $1,200. Approximately 12 years thereafter, February 26, 1946, Ed Jenkins, the father, executed a deed purporting to convey the whole of this property to his six children. The deed was executed before a notary public and two witnesses. The consideration was recited to be the assumption by the vendees of the balance due on the aforesaid Federal Land Bank mortgage. However, none of the vendees formally accepted the conveyance by signing the deed. In the instrument *418 Ed Jenkins reserved to himself a usufruct on the property with the same rights as granted in a legal usufruct under the laws of this State. This provision of the deed was clarified by a subsequent deed of July 21, 1949, wherein it was recited that the usufruct was limited to the vendor's occupying the house as a residence, together with sufficient grounds surrounding the same for a yard and garden. All other usufructuary rights as may have been reserved under the original deed were waived and relinquished. None of the vendees signed this deed.
Ralph Jenkins, one of the aforesaid heirs of Roxanne Warren Jenkins, was married twice, first to Earline Sims, from whom he was divorced, and, subsequent thereto, to Sarah Collins on April 18, 1945, who survived him. He died, leaving no descendants.
Under date of September 27, 1949, Sarah Collins Jenkins by deed conveyed to defendant, A. C. Dykes, all her undivided interest in and to the 170 acres of land. The defendant's position with reference to the interest he acquired from Sarah Collins Jenkins is that the aforesaid sale of February 26, 1946, by Ed Jenkins to his children vested Ralph Jenkins with a 11/72 interest in said property, that is, 1/6 of the 11/12 conveyed by Ed Jenkins in said deed; that the interest acquired by Ralph Jenkins, having been acquired during his marriage to Sarah Collins Jenkins, was an asset of the community of acquets and gains existing between them. Further, that upon the death of Ralph Jenkins, his surviving widow was vested in her own right of an undivided ½ of the purchase made by her husband and inherited as his surviving widow in community ½ of the remaining interest allegedly acquired by him, the other ¼ of said interest being inherited by Ed Jenkins, the father; that, accordingly, therefore the said Sarah Collins Jenkins became the owner of an undivided interest of 165/1440 in the whole of said estate, to which interest the defendant, Dykes, claims title by purchase as aforesaid from the said Sarah Collins Jenkins as a purchaser in good faith and in reliance upon the public records.
Plaintiffs contend that A. C. Dykes could not have relied upon the public records in making said purchase for the reason that the deed from Ed Jenkins to his children was null, void and of no effect because the vendees did not sign the same and assume the payment of the Federal Land Bank mortgage, which was recited as the consideration for the sale. This alleged nullity, it was contended, defendant would have discovered on a casual inspection of the records. Predicated upon their contentions that the aforesaid transactions between Ed Jenkins and his children were null and void and without effect, plaintiffs submit that the real issue is whether or not the interest of Ralph Jenkins was his separate and paraphernal property acquired by him by inheritance, and, in that event, inherited by his father and brothers and sisters to the exclusion of his surviving widow, or whether it became by the alleged sale by Ed Jenkins community property between Ralph Jenkins and Sarah Collins Jenkins, who, as a surviving widow in community, would have acquired in her own right and by inheritance from her deceased husband the aforesaid fractional interest in said property, granting that Ralph Jenkins and Sarah Collins Jenkins were legally married, which was denied and put at issue by plaintiffs. It may be stated here, however, the record establishes that these parties were legally married.
The gist of plaintiffs' contention is, first, that the deed to Ed Jenkins from his children of the interest inherited by them from their mother was a simulation and, as such, null and void, and secondly, that the deed of February 26, 1946, from Ed Jenkins to his children, wherein the assumption of the balance due on the aforesaid Federal Land Bank mortgage was recited as the consideration for the sale, was never signed nor accepted by any of the purported *419 vendees and, inasmuch as the instrument purported to evidence a commutative contract carrying mutual obligations, it was never completed for the want of the vendees' signatures.
As to the first of these propositions, the deed was regular and valid on its face, properly and duly recorded. Defendant Dykes was a third person, whose good faith in relying upon the public records is not brought into question in this litigation. Therefore, so far as this defendant is concerned, plaintiffs are without right or cause to attack the validity of said deed to the prejudice of the defendant, for it is the well settled jurisprudence of this State that third persons dealing with immovable property have a right to depend upon the faith of the recorded title thereof and are not bound by any secret equities that may exist between prior owners of the property. Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321, and the authorities therein cited.
As to the second proposition, since it clearly appears from the instrument itself that none of the vendees signed the aforesaid act of sale from their father to them, the question arises as to whether or not the consent, acceptance, and agreement of the vendees may be expressed or shown in some other manner. That such may be shown otherwise than by the signing of the act of sale itself is well established in the jurisprudence.
In the case of Balch v. Young, 23 La. Ann. 272, the court stated:
"The acceptance of a contract need not be expressed in it, nor is it indispensable that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations, or in doing something which clearly indicates his acceptance."
In the case of Saunders v. Bolden, 155 La. 136, 98 So. 867, the court was faced with facts very similar to those in the case at bar. The plaintiff in that suit had executed an instrument which read:
"`This is to certify that I have sold the Judie Lewis place to Abe Bolden, and he has 10 years to pay for same; $50.00 per year.'"
The grantee in that instrument did not sign the deed or the conveyance; however, he did take possession of the property and later sold the property. The court held that Bolden had, by taking possession of the land, and by selling it, accepted the conveyance of the eighty acres of land, and stated:
"It is well settled in the jurisprudence of this state that written acceptance of a contract or an act of sale is not necessary, but may be established by acts clearly indicating acceptance. In Balch v. Young, 23 La. Ann. 272, it was said that the law does not require that the acceptance of a contract must be expressed on its face, nor is it essential that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations, or in doing some act which indicates his acceptance."
A similar ruling was made in the case of Industrial Lumber Co. v. Rogers, 158 La. 557, 104 So. 367, 369, where an act of sale was attacked as a nullity on the ground that the vendee, a corporation, was not authorized to sign the act of sale. Relying upon the case of Saunders v. Bolden, the court stated:
"In these circumstances, it becomes unnecessary to determine the legality, vel non, of the purported acceptance of the deed from John Legg by the Wright-Blodgett Company which was recorded on February 27, 1906. The payment of the purchase price by the vendee, and the subsequent sale of the property by said vendee were acts which in themselves constituted an acceptance *420 of the deed. The law does not require the written acceptance of an act of sale. The acceptance may result from the acts of the party in whose favor it is made in availing himself of its stipulations, or in doing some act which indicates his acceptance. Saunders v. Bolden, 155 La. 136, 98 So. 867, and authorities therein cited.
"Payment of the price and the assignment of the deed cures the failure of the grantee to sign the deed. Savage v. Wyatt Lbr. Co., 134 La. 627, 64 So. 491."
In the case of Cerami v. Haas, 195 La. 1048, 197 So. 752, the Supreme Court cited with approval both the cases of Saunders v. Bolden and Balch v. Young and approved the principle announced in the two cases to the effect that a written acceptance of a contract or an act of sale is not necessary, but that such acceptance may be established in some other manner. Following this line of jurisprudence, it was indicated in the Haas case that the mere recordation of an instrument on the part of the vendee, grantee or offeree was clearly an act indicating an acceptance of the contract.
That plaintiffs, other than Sim Jenkins, accepted said conveyance from their father is based upon the execution of oil and gas leases covering said property.
On October 24, 1947, three of plaintiffs, Durvie Jenkins Fields, Beatrice Jenkins Armstrong and Beulah Jenkins Williams, together with Ed Jenkins and Eula Sims Jenkins, the second wife of said Ed Jenkins, executed an oil and gas lease covering the whole of the aforesaid property to one M. M. Warren, the consideration for which was expressed to be $2,400 and three days later Augustus Jenkins likewise executed to Warren a similar lease for a consideration of $600 covering his purported 1/5 interest in said property.
On December 11, 1947, Sim Jenkins executed an instrument, designated a colessor's agreement, wherein it is recited that he acknowledged, ratified, confirmed and adopted as his contract the lease executed by Durvie Jenkins Fields et al., as though he had executed it in the first instance, prior to which, however, on November 21, 1947, a similar co-lessor's agreement was executed and signed by Sarah Collins Jenkins. By their execution of these instruments, under the aforesaid jurisprudence, plaintiffs, other than Sim Jenkins, definitely acknowledged the ownership of the property and accepted and consented to the deed from Ed Jenkins, their father, whereby they acquired such ownership. This is not conclusive as to Sim Jenkins, who owned an undivided 1/12 interest in the property which he had inherited from his mother and which he did not convey to his father when the deed from his other brothers and sisters was executed. The co-lessor's agreement executed by him did not recite the fractional interest in the lands leased. Therefore, there is no positive proof, in the absence of any showing in the record to the contrary, what interest he intended to be covered by the aforesaid co-lessor's agreement. However, such interest is not here concerned except as a mere incident in the succession proceedings of his father's estate.
The matter in dispute concerns only the interest purportedly acquired by Ralph Jenkins in the instrument from his father. Ralph Jenkins executed none of the foregoing instruments. He did not sign the deed accepting the same; neither did he assume the payment of the Federal Land Bank mortgage nor obligate himself to pay any part thereof. There is no showing whatsoever in the record that prior to his death Ralph Jenkins did or committed any act signifying his intention to accept said deed to the property and acquire ownership of an interest by virtue thereof, other than a recital by his surviving widow on the trial of the case that on one or two *421 occasions funds were transmitted by Ralph Jenkins to aid in making payments on the Federal Land Bank mortgage. There is no proof that such, if made, were occasioned by virtue of his ownership in said property or in aid of his father, which aid had been given by several of his children at various intervals of time as shown in the record.
All the heirs testified they were not consulted by their father prior to the execution of or concerning the instrument wherein he purportedly conveyed this property to them. It, therefore, conclusively appears that Ralph Jenkins, prior to his death, in no manner accepted, consented to or acquiesced in the contract. He clearly did nothing that obligated him in any way to the Federal Land Bank for the payment of the aforesaid mortgage. It was early held in Lombard v. Guilliet, 11 Mart.,O.S., 453, that a party who, though named in but has not signed a notarial act, is not bound thereby. The intention to ratify an act not binding on a party must be clearly and unequivocably shown whether it is validated by a formal instrument or by its voluntary execution and such intention can not be inferred. LSA-C.C. Art. 2272; James v. Noble, 214 La. 196, 36 So.2d 722.
Appropriate here are the following provisions of the LSA-Civil Code, which read as follows:
"Art. 1798. As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point."
"Art. 1800. The contract, consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed. If he, who proposes, should before that consent is given, change his intention on the subject, the concurrence of the two wills is wanting, and there is no contract."
"Art. 1810. If the party making the offer, die before it is accepted, or he to whom it is made, die before he has given his assent, the representatives of neither party are bound, nor can they bind the survivor. But if the contract be accepted before the death of the party offering it, although he had no notice of it, the obligation is complete; but if the representatives assent to an acceptance of the surviving party in the first instance, or the survivor assent to an acceptance made by the representatives in the second instance, then it becomes a new contract between the representatives and the surviving party." (Emphasis supplied.)
There is, of course, no contract unless both parties are bound. Dockson Gas Co. v. S. & W. Construction Co., La. App., 12 So.2d 847. A commutative contract lacking mutuality is void and can not possibly give rise to an action for damages for its breach. Kennon v. Brooks-Scanlon Co., 148 La. 120, 86 So. 675. It is, therefore, the assent of the parties which give the contract its binding force; both must be bound or neither. Cavelier v. Germain, 6 La. 215; Colgin v. Security Storage & Van Co., Inc., 208 La. 173, 23 So.2d 36, 160 A.L.R. 1107.
It is to be noted, therefore, that, according to the provisions of LSA-C.C. Art. 1810, above quoted, the death of Ralph Jenkins occurring before he signified in any manner his acceptance of the aforesaid deed, neither he nor his father was bound. It is contended by defendant, however, that even though Ralph Jenkins did not formally or otherwise accept, acknowledge or acquiesce in said purported sale, those claiming through him had a right to consent to the act of sale and be bound thereby. Accordingly, it is contended that *422 Sarah Collins Jenkins, in the execution of the co-lessor's agreement and in the aforesaid sale of an interest to defendant, accepted the deed and consented to the act of sale through her status as a surviving widow of Ralph Jenkins, deceased, and, therefore, that the transaction became complete. This contention is also answered in one of the aforesaid provisions of the Code, viz., Art. 1810, which, in part, recites:
"* * * if the representatives assent to an acceptance of the surviving party in the first instance, or the survivor assent to an acceptance made by the representatives in the second instance, then it becomes a new contract between the representatives and the surviving party." (Emphasis supplied.)
The record is entirely void of any showing of any assent on the part of Ed Jenkins that Sarah Collins Jenkins might accept the deed in lieu of Ralph Jenkins. This being the situation, it is clear that Sarah Collins Jenkins did not acquire any interest in and to this property; that the aforesaid instrument did not convey to Ralph Jenkins or to the community estate of which he was head and master any interest in and to said property, and that, therefore, she had no interest or title to convey to defendant, who, for said reasons, acquired no interest or title therein.
As among themselves and without the intervention of the rights of third parties, there is no reason why plaintiffs' rights and interests should not be recognized and in the proportions as contended for by all of them, that is, the ownership of the estate and succession of their deceased father in equal proportions as they have prayed.
Accordingly, and for the reasons herein assigned, the judgment appealed is annulled, avoided, reversed and set aside, so far as decreeing the defendant the owner of an undivided interest in and to the property, as will be hereinafter described.
It is further ordered, adjudged and decreed that the judgment appealed be otherwise amended and recast to read as follows:
There is now judgment herein in favor of the plaintiffs and against the defendant decreeing and recognizing the plaintiffs, Sim Jenkins, Beulah Jenkins Williams, Beatrice Jenkins Armstrong, Durvie Jenkins Fields and Augustus Jenkins, the true and lawful owners in equal proportions of the following described property, towit:
NE ¼ of SW ¼ and NW ¼ of SE ¼, and all South and East of Farmerville and Ruston Road in SW ¼ of NE ¼, less and except all that part of the SW ¼ of NE ¼ lying North and West of the Farmerville Road, containing 4 acres, more or less; also, less and except all that part of said SW ¼ of NE ¼ lying in the Northeast corner of said forty, North and East of a Branch, containing 4 acres, more or less; also, the SE ¼ of NW ¼ and W ½ of NE ¼ of NW ¼ Section 20, Township 20 N. R. 1 West, containing 170 acres, more or less, together with all of the improvements situated thereon and thereto belonging,
and further recognizing plaintiffs as the sole surviving heirs of Ed Jenkins, deceased, and, as such, the owners of, sent and placed in possession of all the property, rights and credits of which he died possessed and especially of the above described real estate, without the payment of an inheritance tax, and that the defendant, A. C. Dykes, pay all costs, including the cost of this appeal.
Reversed, in part, and rendered; otherwise, affirmed.