FORET, Judge.
Plaintiff, Le Triomphe Partnership, filed suit against defendant, Michael C. Dor-bandt, seeking specific performance of an agreement to purchase and sell executed *1177 by defendant or, in the alternative, damages. Defendant’s motion for summary judgment was granted by the trial court and plaintiff has devolutively appealed.
On December 16, 1983, plaintiff entered into an agreement with Mr. and Mrs. John M. Walton, pursuant to which plaintiff agreed to sell and the Waltons agreed to purchase Lot 28 C of Phase I of the Le Triomphe Golf and Residential Community Subdivision.[1] Subsequent thereto, the Wal-tons agreed to assign their rights to this lot to defendant and, in connection therewith, defendant executed an agreement to purchase and sell dated November 13, 1984, which was signed by defendant alone. By letter bearing this same date, Mr. Walton advised Doug Goff of Flagg Properties, Inc., the managing agent for Le Triomphe Partnership, that he had “sold” this lot to defendant and he enclosed the aforesaid purchase agreement signed by defendant. Thereafter, by letter to defendant dated October 1, 1985, Doug Goff acknowledged, pursuant to their earlier conversation, that defendant was involved in a “domestic matter” which would delay the closing date and further requested that the sale be closed at the earliest possible date. Defendant thereafter refused to purchase this lot and this litigation ensued.
The issue presented for our consideration on appeal is whether or not the trial court erred in granting the defendant’s motion for summary judgment. For the reasons hereinafter set forth, we reverse.
La.C.C.P. art. 966 provides that summary judgment shall be granted where there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. The evidence filed in support of or in opposition to summary judgment must be filed prior to the date of the hearing and the trial court is bound to consider only such evidence in reaching its decision. Defendant maintains that his signature on the purchase agreement constituted a unilateral offer to purchase which was withdrawn by defendant prior to its acceptance by plaintiff. Defendant further contends that, in any event, his offer expired after the passage of a reasonable time in accordance with La.C.C. art. 1931. While defendant may ultimately succeed on either or both of these defenses, the evidence submitted in connection with the motion for summary judgment falls far short of resolving important factual issues which are presented by the facts of this case. To begin with, the simple fact that the plaintiff failed to sign the purchase agreement is not, in and of itself, fatal to plaintiff’s case. While it is true that a contract to purchase or sell immovable property must be in writing to be enforceable, it is not absolutely necessary that the written document be signed by both parties. In Miller v. Miller, 335 So.2d 767 (La.App. 3 Cir.1976), writ denied, 338 So.2d 927 (La.1976), we stated the following:
“Plaintiffs also contend the promise to sell is invalid because it was never signed by the defendant. We cannot agree with this contention. L.S.A.-C.C. 2462 requires that a promise to sell must be in writing in order to entitle either party to specific performance. There is no requirement that the writing be signed by both parties. In Joseph v. Moreno, 2 La. 460 (1831), the court considered the validity of a promise to sell which was in writing but was not signed by the vendee. The court held the acceptance by the vendee could be established by evidence extraneous to the written instrument. To the same effect are the holdings in Crocker v. Nuley, 3 Mart. (N.S.) 583 (1825) and Saunders v. Bolden, 155 La. 136, 98 So. 867 (1923).”
In Alley v. New Homes Promotion, Inc., 247 So.2d 218 (La.App. 4 Cir.1971), writ denied, 248 So.2d 832 (La.1971), the defendant executed an agreement to purchase and sell which the plaintiff failed to sign. In reversing the holding of the trial court, the Court of Appeal noted that the contract was nevertheless enforceable in view of the fact that the plaintiff-seller had performed *1178 unequivocable acts which manifested its intent to accept the agreement. See also, Milliman v. Peterman, 519 So.2d 238 (La.App. 5 Cir.1988), writ denied, 520 So.2d 752 (La.1988). In the instant case, the defendant filed an affidavit in support of its motion for summary judgment which states, in essence[2], that his offer to purchase, evidenced by his signature on the purchase agreement, was never accepted by plaintiff. However, plaintiff filed into evidence the affidavit of Doug Goff which indicates that plaintiff did, by its actions, unequivo-cably accept the offer tendered by defendant. Attached to the affidavit is a letter forwarded by Goff to the defendant which indicates that plaintiff fully intended to close the deal as soon as defendant’s domestic problems were cleared up. We do not, at this time, make any determination as to whether or not plaintiff has, in this case, performed unequivocable acts which indicate its acceptance of the subject contract. We simply state that the evidence introduced in connection with the defendant’s motion for summary judgment does not resolve this important factual question and, for this reason, the judgment of the trial court must be reversed.
Plaintiff also contends that the trial court’s judgment should be overturned because plaintiff's purchase agreement with the Waltons was legally assigned to defendant. Because we have already determined that the trial court’s judgment should be reversed, it will be unnecessary for us to consider this issue on appeal.
For the foregoing reasons, the judgment of the trial court sustaining defendant’s motion for summary judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with our views expressed hereinabove. Costs at the trial level shall be assessed at the final outcome of the proceeding thereat; costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.

. The lot was thereafter redesignated as Lot C 29 of Phase I of the Le Triomphe Golf and Residential Community Subdivision.

. The affidavit of defendant states as follows:
"BEFORE ME, the undersigned authority, personally came and appeared MICHAEL C. DORBANDT, who after being duly sworn, deposed and said that:
He did in fact sign a document which purports to be a Buy-Sell Agreement. He further states that his offer to purchase a lot was never accepted by anyone acting on behalf of Le Triomphe, and accordingly no contract was ever consumated.
Furthermore, that he intended this offer to be open only for a short period of time, and even if said offer was open for a reasonable period of time, he has in fact contacted persons acting on behalf of Le Triomphe and informed them on numerous occasions, prior to any demand being made upon him to proceed with the purchtise of said lot, that he in fact did rescind said offer.
Michael C. Dorbandt
MICHAEL C. DORBANDT
SWORN TO AND SUBSCRIBED before me this 17th day of November, 1986.
J.N. Prather"
NOTARY PUBLIC