BOUTALL, Judge,
dissenting.
The basic issue is the interpretation of the quoted provisions for extension of time for passing the act of sale in the event bona fide curative work is required. A similar provision was considered in the case of Wells v. Spears, 255 So.2d 215 (La.App. 1st Cir. 1971) and it was determined that because there was no notification of title defects to the seller prior to the time for passage of the act of sale, the agreement became null and void. In that case the court stated that written notification would be required, however, I do not consider that as controlling here because of the difference in the factual situation. Nevertheless, I find it persuasive in view of our decisions in the cases of Bagby v. Clark, 327 So.2d 633 (La.App. 4th Cir. 1976) and Alley v. New Homes Promotion, Inc., 247 So.2d 218 (La.App. 4th Cir. 1971.)
Considering the principles announced in these cases, and in the cases cited and discussed therein, I have no difficulty in saying that there was no putting in default of one party by the other prior to September 30 under the terms of the contract or under the provisions of Civil Code Article 1911. Accordingly the contract became null and void unless extended by written notice. But it is contended before us that the contract is automatically extended or that oral notification will suffice to activate the extension clause under our contract.
In this regard I refer to the other quoted provisions of the agreement and point out that they provide that the sellers “inability to deliver such title within the time stipulated herein shall render this contract null and void” and that in such a case the only result is return of the deposit and recovery of agent’s commission. However if the seller fails to comply with the agreement “for any other reason” then purchaser can demand double his deposit as penalty or specific performance. Thus in the case before us an inability to perform may be differentiated from a refusal to perform, invoking one or the other result specified. For this reason I would accord the required notice in this case the same formality required in contracts of sale of real estate generally, that it be in writing. If we say that a simple oral notification can serve as the basis for the purchaser’s right of deposit return changing into a right of specific performance we run contrary to the underlying principle in Alley v. New Homes Promotion, Inc., supra, and promote the swearing contest at trial that previous courts so studiously have avoided.
I conclude that under the terms of this contract as quoted above, a written notification was required to be made to the seller prior to the last day for passage of the act of sale, September 30, 1976, in order to activate the 60 day extension period for title curative work. Since no written notice was given, the defendants were entitled to judgment as a matter of law, and the contested oral notification is not a material fact that would prohibit summary judgment. I would affirm the judgment.